IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JBS Hair, Inc.,

          Plaintiff,

                              Case No. 1:21-cv-1859-MLB

v.

Beauty Elements, Corp.,

          Defendant.

_____/

**OPINION & ORDER**

Defendant Beauty Elements, Corp. moves to transfer this action to the United States District Court for the District of New Jersey. (Dkt. 24.) The Court denies that motion.

**I.  Background**

Plaintiff JBS Hair, Inc. owns three patents on hair accessories made of bundled, synthetic braiding hair. (Dkts. 1 ¶¶ 6, 12, 18; 1-1; 1-2; 1-3.) Plaintiff has not permitted Defendant to use any portion of the subject matter claimed in the patents. (Dkt. 1 ¶¶ 27, 35, 43.) Plaintiff says Defendant still makes, sells, or imports products that incorporate one or more of the inventions claimed in the patents. (*Id.* ¶¶ 25–26, 33–

34, 41–42.) Plaintiff filed a complaint asserting patent infringement claims against Defendant. (*Id.* ¶¶ 24–47.) Defendant moves to transfer under 28 U.S.C. § 1404. (Dkt. 24.)

## II. Legal Standard[1]

28 U.S.C. § 1404(a) states that a district court may transfer a civil action to another district where it might have been brought "[f]or the convenience of the parties and witnesses [and] in the interest of justice."[2] The first step is thus determining whether this action could have been brought in the District of New Jersey. *See Mirasco, Inc. v. Am. Nat. Fire Ins. Co.*, No. 1:00-CV-947, 2000 WL 34440850, at *4 (N.D. Ga. July 5, 2000) ("[T]he threshold question is whether this action might have been brought in the [other district court]."). An action "might have been brought" in a proposed transferee court if: (1) the court has jurisdiction over the subject matter of the action; (2) venue is proper there; and (3) the defendant is amenable to process issuing out of the transferee court.

---

[1] Because analysis of a motion to transfer does not raise issues unique to patent law, Eleventh Circuit law governs the analysis. *See Storage Tech. Corp. v. Cisco Sys., Inc.*, 329 F.3d 823, 836 (Fed. Cir. 2003).

[2] Section 1404 also permits transfer "to any district or division to which *all* parties have consented." 28 U.S.C. § 1404 (emphasis added). While Defendant consents, Plaintiff does not, so this provision is irrelevant. (Dkts. 24 at 7, 9, 12, 16; 24-1 ¶ 3; 33 at 10–11, 21–22.)

15 C. Wright, A. Miller and E. Cooper, *Federal Practice and Procedure* § 3845 (1976); *Baker v. Major League Baseball Props., Inc.*, No. 3:08cv114, 2009 WL 1098482, at *2 (N.D. Fla. Apr. 22, 2009) ("[T]he moving party must demonstrate that venue, personal jurisdiction, and subject matter jurisdiction would all have been proper in the proposed transferee district.").

Once a court confirms a plaintiff could have sued in the transferee venue, it next looks to nine factors to determine the propriety of transfer:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005). The moving party bears the burden of establishing the balance of interests favor transfer. *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989). "[I]f the transfer would merely shift inconvenience from one party to the other, or if the balance of all factors is but slightly in favor of the movant, plaintiff's choice of forum should not be disturbed and transfer should be

denied." *Sarvint Techs., Inc. v. Omsignal, Inc.*, 161 F. Supp. 3d 1250, 1266 (N.D. Ga. 2015). When considering transfer for venue purposes, "trial judges are afforded considerable discretion" in weighing the criteria under 28 U.S.C. § 1404(a). *Tommy Bahama Grp., Inc. v. The Walking Co.*, No. 1:07-CV-1402, 2007 WL 3156254, at *2 (N.D. Ga. Oct. 18, 2007).

## III. Discussion

As noted above, to determine whether to transfer a case, the Court makes a two-pronged inquiry, first determining whether the alternative venue is one in which Plaintiff could have originally sued. "Defendant bears the burden of demonstrating that this action could have been brought in the venue in which transfer is sought." *Pro Custom Solar LLC v. Blue Raven Solar, LLC*, No. 6:19-cv-1305, 2020 WL 10458504, at *2 (N.D. Fla. Apr. 30, 2020) (citing *Perlman v. Delisfort-Theodule*, 451 F. App'x 846, 848 (11th Cir. 2012)). This action could not have been brought in the District of New Jersey.

The patent venue statute provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b).

"[A] domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1517 (2017). The parties agree Defendant is a Florida corporation. (Dkts. 1 ¶ 2; 24 at 3; 24-1 ¶ 2.) Defendant thus resides in Florida, not New Jersey, so Defendant may not rely on the first clause of the statute to establish the action could have been brought in New Jersey. As to the second clause, Plaintiff alleges Defendant has its principal place of business in Georgia and "sells, offers to sell, imports, and/or uses products and services throughout the United States, including in" the Northern District of Georgia. (Dkt. 1 ¶¶ 2, 4–5.) Defendant contends its headquarters are in Florida and the locus of business operations occur in Florida. (Dkts. 24 at 3; 24-1 ¶ 2.) Defendant also argues it has a warehouse in Georgia. (Dkt. 24-1 ¶ 10.) While there appears to be a dispute on whether Defendant has a regular and established place of business in Georgia or Florida, there are no allegations or contentions Defendant has any operations in New Jersey. There is thus no indication Defendant "has committed acts of infringement and has a regular and established place of business" in New Jersey. This action thus could not have been brought in the District of

5

New Jersey. Because Defendant has failed to meet its burden on the threshold question, the Court need not address whether the case should be transferred based on convenience and the interest of justice. (*See* Dkt. 39 at 2 (Defendant agrees without Plaintiff's consent to transfer, "the threshold of § 1404(a) is not met")._) See Van Dusen v. Barrack_, 376 U.S. 612, 616 (1964) ("[T]ransfer power is . . . expressly limited by the final clause of [§] 1404(a) restricting transfer to those federal districts in which the action 'might have been brought.'"); *Pro Custom Solar*, 2020 WL 10458504, at *2 (denying the defendant's motion without addressing convenience or the interest of justice because defendant failed to meet its burden as to the threshold question).

## IV. Conclusion

The Court **DENIES** Defendant's Motion to Transfer. (Dkt. 24.)

**SO ORDERED** this 25th day of May, 2022.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE